RAGLAND *v.* ROSS.

[71 South. 879.]

ACCOUNT STATED. *Trial.*

In a suit upon an itimized account properly sworn to where in addition it was shown that the goods conveyed by the account were ordered delivered and received by the defendant or his agent and it was not disputed that the account was correct, a peremptory instruction to find for the defendant was obviously erroneous.

APPEAL from the circuit court of Winston county. HON. F. E. EVERETT, Judge.

Suit by D. L. Ragland, receiver of the Newton Lumber Company against W. J. Ross. From a judgment on peremptory instruction for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Mayes, Wells, May & Sanders,* for appellant.

*L. H. Hopkins,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The appellant, as receiver of the Newton Lumber & Manufacturing Company, an insolvent corporation, sued the appellee in the circuit of Winston county in an action of assumpsit, exhibiting with the declaration an itemized account, properly sworn to, showing an indebtedness of five hundred and forty-one dollars and seventy-nine cents. The itemized account included various items of merchandise, and included also one item of an automobile. The defendant in the court below, W. J. Ross, pleaded the general issue, and gave notice of special matter as an affirmative defense. After the plaintiff below had introduced all of his evidence, the court, upon request of the defendant, excluded the plaintiff's evidence and granted a peremptory instruction for the defendant, and Ragland, the receiver, appeals here.

The plaintiff below proved by competent testimony, in addition to his sworn itemized account, that the account was correct, due, and owing by the party against whom it was charged; that the item of four hundred and eighty dollars for the automobile was due and unpaid; that the automobile was ordered through a letter signed by the defendant, W. J. Ross, and was shipped to him as requested, by delivering the automobile to the railroad company at Newton to be transported to W. J. Ross, according to the bill of lading, at Ross Spur. It also appears from the testimony in the record that the automobile was delivered to W. J. Ross or his agent, W. I. Ross, and the correspondence between the parties thereafter shows that the automobile was accepted and used by the defendant, W. J. Ross, or his agent W. I. Ross, who appears to be the son and business agent of W. J. Ross. There was no dispute as to the account being correct and due as to the items amounting to sixty-one dollars and seventy-nine cents, and the automobile at four hundred and eighty dollars.

With this state of facts before the lower court a peremptory instruction was granted for the defendant. According to this record the error of the circuit judge in granting this peremptory instruction is so obvious that we will not enter into a discussion of it.

*Reversed and remanded.*